UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAI HUNTE,

                                  Plaintiff,                      **Caso No.**   1:26-cv-1407

   -against-

MOKA MO COFFEE HOUSE CORP.
  and SOHO GATEWAY CORPORATION,            **COMPLAINT AND DEMAND**
                                                                                 **FOR JURY TRIAL**
                                Defendants
------------------------------------------------------------x

Plaintiff Kai Hunte (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Moka Mo Coffee House Corp. and Soho Gateway Corporation (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This action seeks to remedy defendants' continuing and systemic discrimination against plaintiff on the basis of disability. Plaintiff requests declaratory and injunctive relief, monetary damages, and an award of attorneys' fees, costs, and expenses as a result of defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., the regulations promulgated thereunder, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. Defendants own, lease, lease to, operate, and/or control a place of public accommodation that is not accessible to individuals with mobility disabilities. The discriminatory conditions described herein are the result of defendants' acts and omissions and those of their agents and employees, for which defendants are legally responsible.

2. Defendants chose to disregard clear statutory obligations requiring accessibility and instead maintained a facility that excludes individuals with disabilities. By

1

doing so, defendants conveyed that such patrons are not entitled to the same goods and services afforded to others. This lawsuit seeks to bring the Premises into compliance so that plaintiff may access and enjoy it on an equal basis.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because the action arises under federal law. The Court has supplemental jurisdiction over the related state and city law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory conduct occurred within this District and the subject facility is located here.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Plaintiff sustained a T4 spinal cord injury in a motorcycle accident in 2010 that resulted in paralysis below the mid-back. He uses a manual wheelchair for mobility and independently travels by operating a vehicle equipped with hand controls.

7. At all relevant times defendants owned, leased, leased to, operated, and/or controlled the commercial property located at approximately 90 West Houston Street, New York, New York.

8. Each defendant is authorized to conduct business in the State of New York.

9. At all relevant times defendants operated a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Defendants are public accommodations within the meaning of 42 U.S.C. § 12181 and 28 C.F.R. § 36.104, New York Executive Law § 292(9), and New York City Administrative Code § 8-102(9) because they own, lease, lease to, control, and/or operate a private commercial facility whose operations affect commerce.

11. The Premises is a place of public accommodation as defined by the foregoing statutes and regulations.

12. The Premises contains architectural barriers that deny and restrict access to individuals with mobility disabilities, including plaintiff.

13. Upon information and belief, the Premises was designed and constructed for first occupancy after January 26, 1993.

14. Upon information and belief, alterations were made to the Premises after January 26, 1992, including to areas adjacent to and/or associated with the facility.

15. Upon information and belief, portions of the Subject Facility were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design or the 2010 ADA Standards for Accessible Design. In either circumstance, the only available defense is technical infeasibility, and any altered area that does not comply with the applicable Standards remains in violation of Title III.

16. Plaintiff regularly travels throughout New York City and frequently visits the

neighborhood in which the Premises is located for social activities, dining, shopping, and outings with family and friends.

17. Plaintiff is able to travel independently by driving a specially equipped vehicle.

18. On or about December 19, 2025, plaintiff visited the Premises intending to purchase Yemeni pastries and coffee.

19. Plaintiff was unable to enter the Premises because of accessibility barriers and is aware that those same barriers continue to exist.

20. Plaintiff encountered a step at the primary entrance with no accessible means of entry and no method to request assistance from inside.

21. As a result, plaintiff experienced humiliation and the feeling of being excluded.

22. Plaintiff intends to return to the Premises once it is made accessible. The Premises is located less than one hour from plaintiff's residence.

23. The goods, services, facilities, privileges, advantages, and accommodations offered at the Premises are not readily accessible to or usable by plaintiff as required by 28 C.F.R. Part 36, Appendix A, the 1991 Standards, the 2010 Standards, and the New York City Administrative Code.

24. Because defendants failed to comply with these laws, plaintiff has been denied full and equal access to the Premises.

25. The Premises was not designed, constructed, or altered in compliance with the applicable accessibility requirements of federal, state, and local law, including the New York City Building Code and the 2014 New York City Construction Codes.

26. Barriers encountered by plaintiff and barriers that deter him from returning include, but are not limited to, the following:

4

27. The entrance to the facility is not on an accessible route. A step at the primary entrance creates a change in level that is not ramped and therefore prevents access by wheelchair users. An accessible route from the public sidewalk to an accessible entrance has not been provided, and there is no accessible means of egress. Changes in level greater than one-half inch are required to comply with 2010 ADA Standards §§ 303, 402, and 405, and at least one accessible route connecting site arrival points to an accessible entrance is required by § 206.2.1. Entrances provided for public use must comply with § 206.4 and be located on an accessible route, and doorways and gates on that route must comply with § 404. The absence of a ramp or other compliant means of vertical access renders the entrance inaccessible.

28. Dining surfaces located within the interior and exterior seating areas do not provide the required accessible seating locations. The minimum number of accessible dining surfaces has not been provided, and the existing tables do not afford the required clear floor space for a forward approach. The tables lack compliant knee and toe clearance. Dining surfaces for the consumption of food and drink are required to comply with 2010 ADA Standards § 226 and § 902, including the provision of clear floor space in accordance with § 305 and knee and toe clearance in accordance with § 306. A portion of the seating must be accessible and dispersed throughout the dining area so that individuals who use wheelchairs may participate in an integrated setting.

29. The service counter exceeds the maximum height permitted for an accessible transaction surface and does not provide a lowered accessible portion. Sales and service counters are required to comply with 2010 ADA Standards §§ 227 and 904.4.1 and 904.4.2, which mandate a portion of the counter that is no more than thirty-six inches above the finish floor, at least thirty-six inches in length, and positioned adjacent to a clear floor space complying with § 305 to permit a parallel approach. The existing counter configuration does

not satisfy these requirements.

30. The foregoing barriers are not intended to be an exhaustive statement of all accessibility violations at the Premises.

31. Upon information and belief, a complete inspection of the facility will reveal additional barriers to access.

32. Because the ADA is remedial civil rights legislation and because piecemeal litigation would be inefficient and contrary to its purpose, plaintiff requires a full inspection of the Premises to identify all non-compliant conditions. Plaintiff therefore provides notice that the Complaint will be amended to include any additional violations discovered during such inspection.

33. Defendants have denied plaintiff the opportunity to participate in and benefit from the goods and services offered at the Premises on an equal basis with others.

34. Defendants have failed to implement policies, practices, and procedures that ensure accessibility for individuals with disabilities and have not made reasonable modifications or provided reasonable accommodations.

35. Defendants' ongoing non-compliance presents a real and immediate threat of continued discrimination. The barriers remain in place and continue to deter plaintiff from returning.

36. Plaintiff frequently travels to the area where the Premises is located and intends to return and patronize the establishment once it is made accessible.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

37. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

38. Plaintiff is substantially limited in the major life activities of walking and range of body motion and therefore is an individual with a disability within the meaning of the ADA. As a direct result of his disability, plaintiff uses a wheelchair for mobility and has restricted movement.

39. Defendants are jointly and severally liable for compliance with Title III of the ADA. Both the owner of the Premises and the entity that leases and/or operates the place of public accommodation are responsible for ensuring accessibility, and neither may avoid liability by allocating responsibility to the other by agreement. 28 C.F.R. § 36.201(b).

40. Defendants have denied plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Premises because of his disability and have utilized policies and practices that have a disparate impact on individuals with mobility impairments.

41. By maintaining an inaccessible facility, defendants have communicated to plaintiff and to other individuals with disabilities that they are not welcome at the Premises.

42. Defendants designed and/or constructed a place of public accommodation that is not readily accessible to and usable by individuals with disabilities, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401.

43. Defendants have failed to provide an integrated and equal environment for individuals with disabilities as required by 42 U.S.C. § 12182(b)(1)(A)(ii) and 28 C.F.R. § 36.203.

44. To the extent alterations were made to the facility, defendants failed to ensure

7

that the altered areas were made accessible to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406. Defendants also failed to make the path of travel to the altered areas accessible, in violation of 28 C.F.R. § 36.403.

45. Defendants have failed to bring the elements of the facility into compliance with the applicable accessibility standards as required by 28 C.F.R. § 36.406.

46. Defendants have not removed architectural barriers where such removal is readily achievable, in violation of 28 C.F.R. § 36.304. Making the Premises accessible is readily achievable.

47. By failing to remove barriers where it is readily achievable to do so, defendants have discriminated against plaintiff in violation of 42 U.S.C. § 12182(a) and § 12182(b)(2)(A)(iv).

48. In the alternative, defendants have failed to provide reasonable alternative methods to make their goods and services available to plaintiff, in violation of 28 C.F.R. § 36.305.

49. The continued maintenance of these barriers constitutes a pattern and practice of discrimination in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.101 et seq.

50. Defendants continue to discriminate against plaintiff by maintaining an inaccessible place of public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

51. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

52. Plaintiff has medical conditions that individually and collectively limit the exercise of normal bodily functions, including the activities of walking and body movement, and therefore is a person with a disability within the meaning of New York Executive Law §

296.

53. Defendants have denied plaintiff equal access to and use of their place of public accommodation because of his disability and have treated him differently on that basis.

54. By maintaining and operating a facility that is not accessible, defendants have engaged in unlawful discriminatory practices in violation of New York Executive Law § 296(2). Each defendant has participated in and aided and abetted the discriminatory conduct of the others.

55. Defendants have failed to make reasonable accommodations and to undertake readily achievable barrier removal as required by Executive Law § 296(2)(c)(iii).

56. In the alternative, defendants failed to provide reasonable alternatives to barrier removal as required by Executive Law § 296(2)(c)(iv).

57. Making the Premises fully accessible would be readily achievable and would not impose an undue hardship or burden on defendants.

58. As a direct and proximate result of defendants' discriminatory conduct, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

59. Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

60. Plaintiff Plaintiff repeats and realleges all prior allegations as though fully set forth herein.

61. Plaintiff's medical conditions impair the functioning of his bodily systems, including his ability to walk and his range of motion, and therefore he is an individual with a disability within the meaning of Administrative Code § 8-102(16).

62. The Local Civil Rights Restoration Act of 2005 mandates that the provisions of the New York City Human Rights Law be construed liberally and independently from comparable federal and state statutes so as to accomplish its uniquely broad and remedial purposes. The statute is to be interpreted in the manner most favorable to the protection of civil rights.

63. Defendants have directly and indirectly denied plaintiff the accommodations, advantages, facilities, and privileges of their place of public accommodation because of his disability, and have thereby engaged in unlawful discriminatory practices in violation of Administrative Code § 8-107(4). Each defendant has participated in and aided and abetted the discriminatory conduct of the others.

64. By designing, constructing, maintaining, and operating a commercial space that is not accessible to individuals with mobility disabilities, defendants have engaged in discrimination in violation of Administrative Code § 8-107(4).

65. Defendants have refused to provide plaintiff with equal access to their goods and services and have treated him differently because of his disability.

66. Defendants' maintenance of an inaccessible public accommodation also violates Local Law 58 and the accessibility provisions of the Administrative Code.

67. As a direct and proximate result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, and stress.

68. Upon information and belief, defendants' longstanding failure to make the Premises accessible was intentional, deliberate, and carried out with reckless disregard for plaintiff's rights.

69. By failing to comply with accessibility requirements that have been in effect

for decades, defendants have conveyed to individuals with disabilities that they are not welcome at the Premises.

70. Defendants' conduct was willful and demonstrated a conscious disregard for the rights of others, entitling plaintiff to an award of punitive damages pursuant to Administrative Code § 8-502.

71. By operating a non-compliant facility and retaining the funds that should have been expended to bring the Premises into compliance, defendants have realized unlawful profits, which must be disgorged together with interest.

72. Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

73. Plaintiff repeats and realleges the foregoing allegations as though fully set forth herein.

74. By reason of the discriminatory conduct described above, which constitutes unlawful discrimination under the New York State Human Rights Law, defendants are also liable to plaintiff for the statutory penalties provided for in New York Civil Rights Law §§ 40-c and 40-d for each violation.

## INJUNCTIVE RELIEF

75. Plaintiff will continue to suffer discrimination unless defendants are compelled to comply with the accessibility requirements of the ADA, the Executive Law, and the Administrative Code. Injunctive relief is therefore necessary to require defendants to modify and alter the Premises and to change their policies, practices, and procedures so that the facility is readily accessible to and usable by individuals with disabilities.

76. Injunctive relief is further required to ensure that defendants provide auxiliary

aids and services, make reasonable modifications to their policies and practices, and implement alternative methods of providing access where appropriate.

## DECLARATORY RELIEF

77. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

78. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the**

   **defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: February 19, 2026

 Manhasset, New York

          Respectfully submitted,

          **GABRIEL A. LEVY, P.C.**
          Attorney for Plaintiff
          1129 Northern Blvd, Suite 404
          Manhasset, NY 11030
          (347) 941-4715

          **By:** /s/ Gabriel A. Levy, Esq.
          **GABRIEL A. LEVY, ESQ (5488655)**
          Glevy@glpcfirm.com